———— FILED      ———— ENTERED
———— LODGED     ———— RECEIVED

Honorable John C. Coughenour

**NOV 02 2021**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS CASTILLO-BARRAGAN,<br><br>Defendant. | NO. CR20-092JCC<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Nicholas W. Brown, United States Attorney for the Western District of Washington, and Amy Jaquette and C. Andrew Colasurdo, Assistant United States Attorneys for said District, Defendant Luis Castillo-Barragan and Defendant's attorney, James Feldman, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A):

1.    **The Charge**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to Conspiracy to Distribute Controlled Substances, the lesser-included offense of that charged in Count 1 of the Second Superseding Indictment, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and 846.

Plea Agreement - 1
*U.S. v. Luis Castillo-Barragan, CR20-092JCC*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    By entering this plea of guilty, Defendant hereby waives all objections to the form

2 of the charging document.  Defendant further understands that before entering any guilty

3 plea, Defendant will be placed under oath.  Any statement given by Defendant under oath

4 may be used by the United States in a prosecution for perjury or false statement.

5    **2.    Elements of the Offense**.  The elements of Conspiracy to Distribute

6 Controlled Substances, the lesser-included offense of that charged in Count 1 of the

7 Second Superseding Indictment, in violation of Title 21, United States Code, Sections

8 841(a)(1), (b)(1)(C), and 846, are as follows:

9          a.    First, on or about the dates charged, within the Western District of

10 Washington and elsewhere, there was an agreement between two or more persons to

11 distribute methamphetamine, heroin, and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]

12 propanamide (hereinafter "fentanyl"); and

13          b.    Second, Defendant joined in the agreement knowing of its purpose,

14 that is, the distribution of methamphetamine, heroin, and fentanyl, and intending to help

15 accomplish that purpose.

16    **3.    The Penalties**.  Defendant understands that the statutory penalties for

17 Conspiracy to Distribute Controlled Substances, the lesser-included offense of that

18 charged in Count 1 of the Second Superseding Indictment, in violation of Title 21, United

19 States Code, Sections 841(a)(1), (b)(1)(C), and 846, are as follows:  a maximum term of

20 imprisonment of up to twenty (20) years, a fine of up to one million dollars ($1,000,000),

21 a period of supervision following release from prison of at least three (3) years, and a

22 mandatory special assessment of one hundred dollars ($100).

23    Defendant understands that supervised release is a period of time following

24 imprisonment during which Defendant will be subject to certain restrictive conditions and

25 requirements.  Defendant further understands that, if supervised release is imposed and

26 Defendant violates one or more of the conditions or requirements, Defendant could be

27 returned to prison for all or part of the term of supervised release that was originally

28

Plea Agreement - 2
*U.S. v. Luis Castillo-Barragan, CR20-092JCC*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  imposed.  This could result in Defendant serving a total term of imprisonment greater
2  than the statutory maximum stated above.

3          Defendant understands that as a part of any sentence, in addition to any term of
4  imprisonment and/or fine that is imposed, the Court may order Defendant to pay
5  restitution to any victim of the offense, as required by law.

6          Defendant further understands that the consequences of pleading guilty may
7  include the forfeiture of certain property, either as a part of the sentence imposed by the
8  Court, or as a result of civil judicial or administrative process.

9          Defendant agrees that any monetary penalty the Court imposes, including the
10  special assessment, fine, costs, or restitution, is due and payable immediately and further
11  agrees to submit a completed Financial Statement of Debtor form as requested by the
12  United States Attorney's Office.

13          Defendant understands that, if pleading guilty to a felony drug offense, Defendant
14  will become ineligible for certain food stamp and Social Security benefits as directed by
15  Title 21, United States Code, Section 862a.

16          **4.      Immigration Consequences**.  Defendant recognizes that pleading guilty
17  may have consequences with respect to Defendant's immigration status if Defendant is
18  not a citizen of the United States.  Under federal law, a broad range of crimes are grounds
19  for removal, and some offenses make removal from the United States presumptively
20  mandatory.  Removal and other immigration consequences are the subject of a separate
21  proceeding, and Defendant understands that no one, including Defendant's attorney and
22  the Court, can predict with certainty the effect of a guilty plea on immigration status.
23  Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any
24  immigration consequences that Defendant's guilty plea may entail, even if the
25  consequence is Defendant's mandatory removal from the United States.

26          **5.      Rights Waived by Pleading Guilty.**  Defendant understands that by
27  pleading guilty, Defendant knowingly and voluntarily waives the following rights:

28          a.      The right to plead not guilty and to persist in a plea of not guilty;

Plea Agreement - 3
*U.S. v. Luis Castillo-Barragan, CR20-092JCC*

1              b.     The right to a speedy and public trial before a jury of Defendant's

2   peers;

3              c.     The right to the effective assistance of counsel at trial, including, if

4   Defendant could not afford an attorney, the right to have the Court appoint one for

5   Defendant;

6              d.     The right to be presumed innocent until guilt has been established

7   beyond a reasonable doubt at trial;

8              e.     The right to confront and cross-examine witnesses against Defendant

9   at trial;

10             f.     The right to compel or subpoena witnesses to appear on Defendant's

11  behalf at trial;

12             g.     The right to testify or to remain silent at trial, at which trial such

13  silence could not be used against Defendant; and

14             h.     The right to appeal a finding of guilt or any pretrial rulings.

15       **6.**    **United States Sentencing Guidelines.**  Defendant understands and

16  acknowledges that the Court must consider the sentencing range calculated under the

17  United States Sentencing Guidelines and possible departures under the Sentencing

18  Guidelines together with the other factors set forth in Title 18, United States Code,

19  Section 3553(a), including:  (1) the nature and circumstances of the offense; (2) the

20  history and characteristics of Defendant; (3) the need for the sentence to reflect the

21  seriousness of the offense, to promote respect for the law, and to provide just punishment

22  for the offense; (4) the need for the sentence to afford adequate deterrence to criminal

23  conduct; (5) the need for the sentence to protect the public from further crimes of

24  Defendant; (6) the need to provide Defendant with educational and vocational training,

25  medical care, or other correctional treatment in the most effective manner; (7) the kinds

26  of sentences available; (8) the need to provide restitution to victims; and (9) the need to

27  avoid unwarranted sentence disparity among defendants involved in similar conduct who

28  have similar records.  Accordingly, Defendant understands and acknowledges that:

Plea Agreement - 4
*U.S. v. Luis Castillo-Barragan, CR20-092JCC*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1        a.     The Court will determine Defendant's Sentencing Guidelines range

2  at the time of sentencing;

3        b.     After consideration of the Sentencing Guidelines and the factors in

4  18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

5  maximum term authorized by law;

6        c.     The Court is not bound by any recommendation regarding the

7  sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

8  range offered by the parties or the United States Probation Department, or by any

9  stipulations or agreements between the parties in this Plea Agreement; and

10        d.     Defendant may not withdraw a guilty plea solely because of the

11  sentence imposed by the Court.

12       **7.**    **Ultimate Sentence**.  Defendant acknowledges that no one has promised or

13  guaranteed what sentence the Court will impose.

14       **8.**    **Statement of Facts**.  The parties agree on the following facts.  Defendant

15  admits he is guilty of the charged offenses:

16        Beginning at a time unknown, and continuing until on or about July 28,

17  2020, a transnational Drug Trafficking Organization (DTO) distributed controlled
substances, including methamphetamine, heroin, and fentanyl in the Western

18  District of Washington and elsewhere.  Numerous individuals assisted this
transnational DTO with its drug trafficking activities.  Some individuals supplied

19  methamphetamine, heroin, and fentanyl to the DTO, while others, like Defendant,

20  helped redistribute those drugs to others and collect/launder the cash drug
proceeds earned from the sale of those drugs.

21

22        This conspiracy, and Defendant's role therein, is established by witness and

23  informant accounts; recorded telephone calls; court-authorized interceptions of
wire and electronic communications; controlled purchases of drugs by confidential

24  sources; surveillance; seizures of drugs and cash; search warrants; and other
evidence, only some of which is outlined below.

25

26        Throughout this lengthy multi-state investigation, Defendant assisted a

27  DTO member and one of the DTO leaders in their drug trafficking.  Some
examples of Defendant's drug trafficking activities are described below.

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On May 8, 2020, Defendant told a DTO member that a DTO leader asked Defendant if he "could hold on to the seeds," referencing pills containing fentanyl that the DTO leader intended to redistribute to others. Defendant agreed. Later that same day, Defendant told the DTO member that he was "outside putting the shit away," referring to the fact that he was hiding the pills containing fentanyl outside of the DTO member's residence.

On May 13, 2020, the DTO leader told the DTO member to have Defendant give a customer "a bag of 1,000," referring to 1,000 pills containing fentanyl. Defendant later confirmed the quantity of 1,000 pills with the DTO member. Defendant intended to acquire and distribute these pills to others.

On May 14, 2020, Defendant told an uncharged co-conspirator in California that he was taking a trip "to bring tequila man, for me," referring to methamphetamine. Defendant said, "perhaps I can bring about six to seven letters," referring to six or seven pounds of methamphetamine, which he intended to distribute to others.

On May 28, 2020, the DTO leader asked Defendant to deliver "300" to the guy to whom Defendant had given samples, referring to 300 pills containing fentanyl. Defendant agreed and subsequently delivered those pills.

On July 28, 2020, Defendant was arrested for his drug trafficking activities at the residence he shared with the DTO member in Kent, Washington. Among other items recovered from the residence, investigators recovered several cellular phones, bank documents, and money transfer documents. Investigators also recovered 52.4 gross grams of methamphetamine from Defendant's van.

Although the exact amount of drugs Defendant distributed, conspired to distribute, or possessed with the intent to distribute is unknown, the parties agree that it was at least 3,175 grams of a mixture or substance containing methamphetamine and 130 grams of a mixture or substance containing fentanyl.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

Plea Agreement - 6
*U.S. v. Luis Castillo-Barragan, CR20-092JCC*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  **9.**  **Sentencing Factors**.  The parties agree that the following Sentencing
2  Guidelines provisions apply to this case:

3        a.    A base offense level of 32, pursuant to USSG §2D1.1(c)(4), because
4  the offense involved at least 3,175 grams of a mixture or substance containing
5  methamphetamine, and 130 grams of a mixture or substance containing fentanyl, which
6  results in a converted drug weight of 6,675 kilograms;

7        b.    A two-level reduction of the base offense level pursuant to
8  USSG §2D1.1(a)(5), because Defendant qualifies for a Mitigating Role reduction;

9        c.    A two-level reduction of the offense level, pursuant to USSG
10  §3B1.2(b), because Defendant played a minor role in the offense; and

11        d.    Full credit for acceptance of responsibility, conditioned upon
12  Defendant's fulfillment of the requirements stated at USSG §3E1.1, outlined in the
13  paragraph entitled "Acceptance of Responsibility," below.

14        The parties agree they are free to present arguments regarding the applicability of
15  all other provisions of the United States Sentencing Guidelines.  Defendant understands,
16  however, that at the time of sentencing, the Court is free to reject these stipulated
17  adjustments, and is further free to apply additional downward or upward adjustments in
18  determining Defendant's Sentencing Guidelines range.

19        **10.**  **Acceptance of Responsibility.**  At sentencing, *if* the Court concludes
20  Defendant qualifies for a downward adjustment acceptance for acceptance of
21  responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or
22  greater, the United States will make the motion necessary to permit the Court to decrease
23  the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because
24  Defendant has assisted the United States by timely notifying the United States of
25  Defendant's intention to plead guilty, thereby permitting the United States to avoid
26  preparing for trial and permitting the Court to allocate its resources efficiently.

27        **11.**  **Sentence Recommendation**.  The United States agrees to recommend a
28  custodial sentence of no more than 48 months.  Defendant is not bound by the

Plea Agreement - 7
*U.S. v. Luis Castillo-Barragan, CR20-092JCC*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   government's recommendation and may recommend whatever he chooses.  Defendant

2   understands that this recommendation is not binding on the Court and the Court may

3   reject the recommendation of the parties and may impose any term of imprisonment up to

4   the statutory maximum penalty authorized by law.  Defendant further understands that

5   Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the

6   Court.   Except as otherwise provided in this Plea Agreement, the parties are free to

7   present arguments regarding any other aspect of sentencing.

8       **12.     Forfeiture of Assets**.  Defendant understands that the forfeiture of assets is

9   part of the sentence imposed in this case.  Defendant agrees to forfeit to the United States

10  immediately all of Defendant's right, title, and interest in any and all property, real or

11  personal, that was used, or intended to be used, in any manner or part to commit or to

12  facilitate the commission of *Conspiracy to Distribute Controlled Substances*, the lesser-

13  included offense of that charged in Count 1 of the Second Superseding Indictment, in

14  violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and 846, and

15  any property constituting, or derived from, any proceeds Defendant obtained, directly or

16  indirectly, as the result of this offense.  This property is subject to forfeiture pursuant to

17  Title 21, United States Code, Section 853.

18      Defendant agrees to fully assist the United States in the forfeiture of the above-

19  described property and to take whatever steps are necessary to pass clear title to the

20  United States, including but not limited to: surrendering title and executing any

21  documents necessary to effectuate such forfeiture; assisting in bringing any assets located

22  outside the United States within the jurisdiction of the United States; and taking whatever

23  steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed,

24  wasted, hidden, or otherwise made unavailable for forfeiture.  Defendant agrees not to

25  file a claim to any of the above-described property in any federal forfeiture proceeding,

26  administrative or judicial, which may be or has been initiated.

27      The United States reserves its right to proceed against any remaining assets not

28  identified in this Plea Agreement, including any property in which Defendant has any

Plea Agreement - 8
*U.S. v. Luis Castillo-Barragan, CR20-092JCC*

1   interest or control, if said assets constitute or are derived from proceeds of, or were used

2   or intended to be used to facilitate, the offense set forth in Counts 1.

3       **13.**    **Abandonment of Firearms and Contraband**.  Defendant also agrees that,

4   if any federal law enforcement agency seized any firearms, firearm accessories,

5   ammunition, or illegal contraband that was in Defendant's direct or indirect control,

6   Defendant abandons any interests he may have in such property or contraband and

7   consents to the federal administrative disposition, official use, and/or destruction of such

8   property or contraband.

9       **14.**    **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement,

10  the United States Attorney's Office for the Western District of Washington agrees not to

11  prosecute Defendant for any additional offenses known to it as of the time of this Plea

12  Agreement based upon evidence in its possession at this time, and that arise out of the

13  conduct giving rise to this investigation.  In this regard, Defendant recognizes the United

14  States has agreed not to prosecute all of the criminal charges the evidence establishes

15  were committed by Defendant solely because of the promises made by Defendant in this

16  Plea Agreement.  Defendant agrees, however, that for purposes of preparing the

17  Presentence Report, the United States Attorney's Office will provide the United States

18  Probation Office with evidence of all conduct committed by Defendant.

19      **15.**    **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that, if

20  Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

21  Agreement and Defendant may be prosecuted for all offenses for which the United States

22  has evidence.  Defendant agrees not to oppose any steps taken by the United States to

23  nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

24  Agreement.  Defendant also agrees that, if Defendant is in breach of this Plea Agreement,

25  Defendant has waived any objection to the re-institution of any charges that previously

26  were dismissed or any additional charges that had not been prosecuted.

27      Defendant further understands that if, after the date of this Agreement, Defendant

28  should engage in illegal conduct, or conduct that violates any conditions of release or the

Plea Agreement - 9
*U.S. v. Luis Castillo-Barragan, CR20-092JCC*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   conditions of confinement (examples of which include, but are not limited to, obstruction

2   of justice, failure to appear for a court proceeding, criminal conduct while pending

3   sentencing, and false statements to law enforcement agents, the Pretrial Services Officer,

4   Probation Officer, or Court), the United States is free under this Plea Agreement to file

5   additional charges against Defendant or to seek a sentence that takes such conduct into

6   consideration by requesting the Court to apply additional adjustments or enhancements in

7   its Sentencing Guidelines calculations in order to increase the applicable advisory

8   Guidelines range, and/or by seeking an upward departure or variance from the calculated

9   advisory Guidelines range.  Under these circumstances, the United States is free to seek

10   such adjustments, enhancements, departures, and/or variances even if otherwise

11   precluded by the terms of the Plea Agreement.

12       **16.    Waiver of Appellate Rights and Rights to Collateral Attacks.**

13   Defendant acknowledges that, by entering the guilty plea(s) required by this plea

14   agreement, Defendant waives all rights to appeal from Defendant's conviction, and any

15   pretrial rulings of the Court, and any rulings of the Court made prior to entry of the

16   judgment of conviction.  Defendant further agrees that, provided the Court imposes a

17   custodial sentence that is within or below the Sentencing Guidelines range (or the

18   statutory mandatory minimum, if greater than the Guidelines range) as determined by the

19   Court at the time of sentencing, Defendant waives to the full extent of the law:

20           a.    Any right conferred by Title 18, United States Code, Section 3742,

21   to challenge, on direct appeal, the sentence imposed by the Court, including any fine,

22   restitution order, probation or supervised release conditions, or forfeiture order (if

23   applicable); and

24           b.    Any right to bring a collateral attack against the conviction and

25   sentence, including any restitution order imposed, except as it may relate to the

26   effectiveness of legal representation; and

27

28

Plea Agreement - 10
*U.S. v. Luis Castillo-Barragan, CR20-092JCC*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    This waiver does not preclude Defendant from bringing an appropriate motion
2    pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or
3    the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.
4    If Defendant breaches this Plea Agreement at any time by appealing or collaterally
5    attacking (except as to effectiveness of legal representation) the conviction or sentence in
6    any way, the United States may prosecute Defendant for any counts, including those with
7    mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea
8    Agreement.
9    **17.    Voluntariness of Plea**.  Defendant agrees that Defendant has entered into
10   this Plea Agreement freely and voluntarily, and that no threats or promises were made to
11   induce Defendant to enter a plea of guilty other than the promises contained in this Plea
12   Agreement or set forth on the record at the change of plea hearing in this matter.
13   **18.    Statute of Limitations**.  In the event this Plea Agreement is not accepted
14   by the Court for any reason, or Defendant breaches any of the terms of this Plea
15   Agreement, the statute of limitations shall be deemed to have been tolled from the date of
16   the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the
17   Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach
18   of the Plea Agreement by Defendant is discovered by the United States Attorney's
19   Office.
20   //
21   //
22   //
23   //
24   //
25   //
26   //
27   //
28

Plea Agreement - 11
*U.S. v. Luis Castillo-Barragan, CR20-092JCC*